PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BANYAN LIVING LLC, ) | |
| ) | CASE NO. 5:18CV1584 |
| Plaintiff, Counter-Defendant, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| JENNIFER WRIGHT, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant, Counter-Claimant. ) | **AND ORDER** |

**I.**

*Pro se* Defendant/Counter-Claimant, Jennifer Wright ("Defendant"), initiated this action on July 11, 2018, by filing a "Notice of Removal," purporting to remove Case No. 2018CVG01696 brought against her in Stow Municipal Court in Summit County, Ohio. ECF No. 1. Although Defendant did not provide a copy of the complaint with her Notice, the public docket of the Stow Municipal Court shows that on June 7, 2018, Plaintiff Banyan Living LLC filed a Complaint for Forcible Entry & Detainer and Money Damages against her in Case No. 2018CVG01696, alleging she is behind in her rent, and seeking an order evicting her and restitution. *See Banyan Living LLC v. Jennifer Wright,* Case No. 2018CVG01696 (Stow Municipal Court).

**II.**

"A district court must remand a removed action when it appears that the court lacks subject matter jurisdiction." *Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253, 1254 (6th Cir. 1996) (citing 28 U.S.C. §1447(c) which states: "If at any time . . . it appears that the district

(5:18CV1584)

court lacks subject matter jurisdiction, the case shall be remanded."). "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). The burden is a difficult one; removal statutes are "strictly construed and all doubts resolved in favor of remand." *Id.* at 550.

Upon review, the Court finds that this matter must be remanded to the state court from which it was removed. To support removal on the basis of a federal question, a federal question must appear on the face of the well-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). The Complaint for Forcible Entry & Detainer and Money Damages filed against Defendant in state court, seeking eviction and back rent, arises solely under state law and does not assert any cause of action arising under federal law. *See Banyan Living LLC v. Jennifer Wright*, Case No. 2018CVG01696 (Stow Municipal Court). Federal causes of action raised in defenses or counterclaims are not adequate to establish federal question jurisdiction, or a basis for removal. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3329, 3232, 92 L.Ed.2d 650 (1986); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S.Ct. 1889, 1894, 153 L.Ed.2d 13 (2002) ("[A] counterclaim  which appears as part of the defendant's answer, not as part of the plaintiff's complaint  cannot serve as the basis for [federal court] jurisdiction."); *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914  15 (6th Cir. 2007) (federal claim asserted by the defendant in the notice of removal did not confer federal court jurisdiction). Accordingly, Defendant has failed to demonstrate federal question jurisdiction.

(5:18CV1584)

Defendant has also failed to demonstrate a basis for exercising federal subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a). Defendant has not demonstrated that the parties are of diverse citizenship, or that the amount in controversy exceeds $75,000.00 exclusive of costs and interest. Furthermore, Defendant's pleading indicates she is "a people of Ohio," (ECF No. 1 at PageID#: 1), and an action may not be removed on the basis of diversity "if any of the parties . . . served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

### III.

For the reasons stated above, this action is hereby remanded to the state court from which it was removed. *See* 28 U.S.C. § 1447(c). The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

|   August 9, 2018   |   */s/ Benita Y. Pearson*   |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |